**Emre E. DLUHOS, Plaintiff,**

v.

**Steven C. TRUEMAN, Defendant.**

**No. 99–CV–225(LEK/DRH).**

United States District Court, N.D. New York.

Nov. 29, 1999.

Emre E. Dluhos, Belleville, NJ, pro se.

Steven C. Trueman, Kingston, NY, pro se.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

This case involves an ownership dispute over the tugboat *New York*, previously known (among other names) as the *Catawissa*. Plaintiff originally sued Defendant alleging jurisdiction in admiralty *in rem* and diversity, seeking title to the vessel under the law of finds. Magistrate Judge Homer dismissed the action, and the Second Circuit Court of Appeals affirmed on November 20, 1998, on two distinct grounds. First, the Second Circuit noted that actions brought against vessels *in rem* sound exclusively in admiralty, and since Plaintiff's claim was at its core an *in rem* action it therefore could not proceed in diversity. Second, the court held that even if the claim could be brought in diversity, the substantive law of admiralty must still apply, and admiralty law carries with it the legal fiction that a vessel may never be abandoned; consequently, because the vessel to which Plaintiff seeks title could never be abandoned as a matter of law, it would be unavailable to him as a "finder."

### A. Plaintiff's Motions

The same rationale applied by the Second Circuit bars this action. Plaintiff's present case represents the reformulation of the previous, dismissed claims. Plaintiff still seeks title to the *New York*, now invoking the common law remedies of detinue and replevin to evade admiralty jurisdiction. Nevertheless, this action at its core remains an *in rem* action against a vessel, and admiralty law governs. Indeed, the Second Circuit observed that a diversity action, such as that mounted here, could not survive since the any potential diversity action would necessarily seek to establish Plaintiff's rights as against the whole world and would therefore be a true *in rem* action. Plaintiff has not altered his remedy, but merely reformulates his claims in an attempt to circumvent the Second Circuit's ruling. The Second Circuit, however, expressly held that under the law of finds Plaintiff lacked any claim whatsoever to ownership of the *New York*, and replevin and detinue permit recovery of wrongfully taken property. The law of finds, as interpreted by the Second Circuit, holds that the vessel never was Plaintiff's property and therefore currently is not, and his replevin and detinue claims fail.

### B. Defendant's Motion

Defendant has made a motion for an order of seizure and arrest of the vessel without bond. In his moving papers, Defendant contends that the amount of his investment in the ship justifies such a departure from the general admiralty rule that a party must deposit a bond before arresting a vessel. This Court disagrees. The discretionary bond contemplated by 28 U.S.C. § 1921(a)(1)(E) would cover the cost of insuring the *New York* during the pendency of litigation; past expenditures plainly do not provide that coverage. The justification for Magistrate Judge Homer's requirement of a bond rings no less true today than when first recommended to Plaintiff in his prior action.

### CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiff's motion for a writ of replevin and detinue, and an order of seizure is DENIED;

ORDERED that Defendant's motion to dismiss is GRANTED and the case DISMISSED in its entirety;

ORDERED that Defendant's motion for an order of seizure and arrest of the vessel without bond is DENIED; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.